IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-18 |
| Plaintiff, | **Count 1:** Access Device Fraud |
| vs. | 18 U.S.C. §§ 1029(a)(5) & (c)(1)(A)(ii) |
| ALAN L. BERNARD, | **Count 2-37:** Forged Securities |
| Defendant. | 18 U.S.C. §§ 513(a) and 2(b) |
| | **Forfeiture Allegations** |

## INDICTMENT

The Grand Jury charges:

### COUNT 1
### Access Device Fraud

On or about July 26, 2006, through on or about July 26, 2007, in the Northern District of Iowa and elsewhere, defendant ALAN L. BERNARD knowingly and with intent to defraud effected transactions with an access device issued to another person, a Capital One credit account ending in 2082, to receive things of value during a one year period the aggregate value of which was equal to or greater than $1,000. This use affected interstate commerce.

This was in violation of Title 18, United States Code, Sections 1029(a)(5) and (c)(1)(A)(ii).

### FORFEITURE ALLEGATIONS
### Proceeds of Access Device Fraud

Upon conviction of the offense alleged in Count 1 of this Indictment, defendant ALAN L. BERNARD shall forfeit to the United States, any property, real or personal,

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY
IN THE PRESENCE OF THE
GRAND JURY
And filed 3/16/10
ROBERT L. PHELPS, CLERK

Case 1:10-cr-00018-LRR-JSS   Document 2   Filed 03/16/10   Page 1 of 5

which constitutes or is derived from proceeds traceable to the violations in the amount of $6,511.39. This in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 28 U.S.C. Section 2461(c), and Federal Rules of Criminal Procedure 32.2(a).

If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and 18 U.S.C. Section 982(b)(1).

## COUNTS 2-37
### Forged Securities

On or about the dates listed below, in the Northern District of Iowa, defendant ALAN L. BERNARD did knowingly make, possess, and utter and willfully cause to be made, possessed, and uttered forged securities of his employer, an organization, specifically the checks bearing the numbers listed below, drawn on account number xxxx24 at Farmers State Bank in Marion, Iowa, with the intent to deceive Farmers State Bank:

| COUNT | DATE | FORGED SECURITY |
|---|---|---|
| 2 | 07/28/2006 | No. 2291 in the amount of $5,000 |
| 3 | 08/31/2006 | No. 2381 in the amount of $510.63 |
| 4 | 09/30/2006 | No. 2345 in the amount of $500 |
| 5 | 11/30/2006 | No. 2358 in the amount of $500 |
| 6 | 12/05/2006 | No. 2361 in the amount of $800 |
| 7 | 12/08/2006 | No. 2375 in the amount of $810 |
| 8 | 12/13/2006 | No. 2382 in the amount of $800 |
| 9 | 12/19/2006 | No. 2372 in the amount of $500 |
| 10 | 12/22/2006 | No. 2373 in the amount of $300 |
| 11 | 01/08/2007 | No. 2379 in the amount of $500 |
| 12 | 01/09/2007 | No. 2389 in the amount of $800 |
| 13 | 01/11/2007 | No. 2390 in the amount of $500 |
| 14 | 01/16/2007 | No. 2393 in the amount of $500 |
| 15 | 01/26/2007 | No. 2397 in the amount of $500 |
| 16 | 01/30/2007 | No. 2409 in the amount of $1,250 |
| 17 | 01/30/2007 | No. 2410 in the amount of $1,250 |
| 18 | 02/05/2007 | No. 2402 in the amount of $300 |
| 19 | 02/06/2007 | No. 2415 in the amount of $250 |
| 20 | 02/07/2007 | No. 2417 in the amount of $500 |
| 21 | 02/13/2007 | No. 2419 in the amount of $800 |
| 22 | 02/23/2007 | No. 2428 in the amount of $500 |
| 23 | 02/27/2007 | No. 2429 in the amount of $500 |

| | | |
|---|---|---|
| 24 | 03/09/2007 | No. 2438 in the amount of $300 |
| 25 | 03/12/2007 | No. 2447 in the amount of $300 |
| 26 | 03/20/2007 | No. 2445 in the amount of $300 |
| 27 | 03/21/2007 | No. 2448 in the amount of $300 |
| 28 | 03/23/2007 | No. 2449 in the amount of $400 |
| 29 | 03/23/2007 | No. 2471 in the amount of $200 |
| 30 | 06/08/2007 | No. 2543 in the amount of $500 |
| 31 | 06/14/2007 | No. 2542 in the amount of $800 |
| 32 | 06/22/2007 | No. 2541 in the amount of $1,026.31 |
| 33 | 07/09/2007 | No. 2601 in the amount of $500 |
| 34 | 10/11/2007 | No. 2641 in the amount of $800 |
| 35 | 11/06/2007 | No. 2669 in the amount of $559.63 |
| 36 | 11/30/2007 | No. 2684 in the amount of $639.36 |
| 37 | 01/25/2008 | No. 2727 in the amount of $373.35 |

This was a violation of Title 18, United States Code, Sections 513(a) and 2(b).

## FORFEITURE ALLEGATIONS
### Proceeds of Forged Securities

Upon conviction of one or more of the offenses alleged in Counts 2-37 of this Indictment, defendant ALAN L. BERNARD shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations in the amount of $24,868.65. This in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 28 U.S.C. Section 2461(c), and Federal Rules of Criminal Procedure 32.2(a).

Case 1:10-cr-00018-LRR-JSS   Document 2   Filed 03/16/10   Page 4 of 5

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and 18 U.S.C. Section 982(b)(1).

A TRUE BILL

/s/
_____
Grand Jury Foreperson

3/16/2010
Date

STEPHANIE M. ROSE
United States Attorney

By: _____
REBECCA GOODGAME EBINGER
Assistant United States Attorney

5